UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| JOHN DOE, <br>　　　　　Plaintiff <br><br> v. <br><br> YORK COUNTY SHERIFF'S DEPARTMENT, <br> MICHAEL HAYES, WILFRED VACHON and <br> JOSEPH FAGONE, <br>　　　　　Defendants | Docket No. 2:17-CV-00336-GZS |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS YORK COUNTY SHERIFF'S DEPARTMENT, MICHAEL HAYES AND WILFRED VACHON**

NOW COME Defendants York County Sheriff's Department, Michael Hayes[1], and Wilfred Vachon[2], by and through undersigned counsel, and hereby respond to the allegations contained in Plaintiff's Complaint as follows:

**AFFIRMATIVE DEFENSES**

A. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

B. Plaintiff's damages were directly and proximately caused by the acts and/or omissions of an individual and/or entity other than these Defendants.

C. Plaintiff's damages were directly and proximately caused by a legally sufficient superseding/intervening cause.

D. Plaintiff has failed to mitigate his damages as required by law.

---

[1] The Plaintiff mistakenly listed this Defendant's first name as Robert.
[2] The Plaintiff mistakenly listed this Defendant's first name as William.

    E. The York County Sheriff's Department is not an entity that can be sued.

    F. Hayes and Vachon are entitled to qualified immunity.

## ANSWER

### Summary of the Action

1-4. These Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

### Parties

5. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in the first and third sentences of this paragraph of Plaintiff's Complaint and therefore deny same. These Defendants deny the second sentence of this paragraph.

6. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

7. These Defendants admit that Defendant Michael Hayes is a Detective for the York County Sheriff's Department.

8. These Defendants admit that Defendant Wilfred Vachon was a Detective for the York County Sheriff's Department, but is no longer in that position.

9. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

### Jury Trial Demand

10. The allegations contained in this paragraph of Plaintiff's Complaint do not require a response.

### Jurisdiction and Venue

11. The allegations contained in this paragraph of Plaintiff's Complaint do not require a response. To the extent a response is required, these Defendants agree that this court has jurisdiction over claims of violation of federal constitutional rights and has supplemental jurisdiction over Plaintiff's state law claims.

12. The allegations contained in this paragraph of Plaintiff's Complaint do not require a response. To the extent a response is required, these Defendants agree that venue is proper in the District of Maine.

### Facts

13. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

14. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

15. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

16. These Defendants admit that they knocked on the door, and after the door was opened, Officer Hayes identified himself and asked John Doe if he wanted to come out or wanted to talk

to them in the house.

17. These Defendants admit that John Doe allowed Hayes and Vachon to enter his home. These Defendants deny the remaining allegations contained in this paragraph.

18. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

19. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

20. These Defendants admit that Hayes made a statement similar to that alleged here, but this is not the exact quote.

21. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

22. These Defendants admit that one of the officers got on the phone with the 911 operator and said they were all set.

23. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

24. These Defendants admit that John Doe was escorted out of the home and placed in a police car and driven away from the home.

25. These Defendants admit that John Doe was handcuffed in the car. These Defendants deny the remaining allegations contained in this paragraph.

26. These Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

27. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

28. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

29. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

30. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

31. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

32. These Defendants admit the statement except that Hayes said he was at her home or the vicinity of her home.

33-36. These Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

37. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

38-40. These Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

41. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

42. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

43. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

44. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

45. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

46. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

47. These Defendants admit that although there are some minor discrepancies between the transcript and the message that this quote is from a message purportedly by Joe Fagone.

48. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and therefore deny same.

49. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

50. These Defendants deny the allegations contained in this paragraph of Plaintiff's Complaint.

Legal Claim

51. These Defendants repeat and reassert their responses to Paragraphs 1 through 50 of Plaintiff's Complaint as it fully set forth herein.

52-57. These Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

58. The allegations contained in Paragraph 58 of Plaintiff's Complaint state a legal conclusion and do not require a response.

59-61. These Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

62. The allegations contained in Paragraph 62 of Plaintiff's Complaint state a legal conclusion and do not require a response.

63-68. These Defendants deny the allegations contained in these paragraphs of Plaintiff's Complaint.

69. These Defendants request that all relief requested by Plaintiff be denied.

WHEREFORE, these Defendants pray for judgment in their favor against Plaintiff, plus costs, interest, and attorneys fees.

Dated: December 11, 2017    /s/ Peter T. Marchesi
Peter T. Marchesi, Esq.


 /s/ Cassandra S. Shaffer
Cassandra S. Shaffer, Esq.

Wheeler & Arey, P.A.
Attorneys for Defendants York County
Sheriff Department, Hayes and Vachon
27 Temple Street
Waterville, ME  04901

**UNITED STATES DISTRICT COURT**
**District of Maine**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff | ) | Docket No. 2:17-CV-00336-GZS |
| | ) | |
| v. | ) | |
| | ) | |
| YORK COUNTY SHERIFF'S DEPARTMENT, | ) | |
| MICHAEL HAYES, WILLIAM VACHON and | ) | |
| JOSEPH FAGONE, | ) | |
| Defendants | ) | |
| | ) | |

CERTIFICATE OF SERVICE

    I, Peter T. Marchesi, Esq., attorney for the York County Defendants, hereby certify that:

- Answer and Affirmative Defenses of Defendants York County Sheriff's Department, Michael Hayes, and William Vachon

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    David G. Webbert, Esq.    *dwebbert@work.law*
    Max I. Brooks, Esq.    *mbrooks@work.law*

Dated: December 11, 2017    /s/ Peter T. Marchesi
    Peter T. Marchesi, Esq.
    Wheeler & Arey, P.A.
    Attorneys for York County Defendants
    27 Temple Street
    Waterville, ME 04901